UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSS BIESEMEYER, LEAH BIESEMEYER, and NRG ENERGY, INC., | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-18-3501 |
| PLUS RELOCATION SERVICES, INC., | § § § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Plus Relocation Services, Inc.'s ("Plus") Rule 12(c) motion for judgment on the pleadings. Dkt. 20. Plaintiffs Ross Biesemeyer, Leah Biesemeyer, and NRG Energy, Inc.("NRG") (collectively, "Plaintiffs") responded. Dkt. 21. Plus replied. Dkt. 22. Having considered the motion, response, reply, amended complaint, and applicable law, the court is of the opinion that Plus's motion (Dkt. 20) should be GRANTED in part and DENIED in part.

**I. BACKGROUND**

At some point before Hurricane Harvey, Ross Biesemeyer, an employee of NRG, and his wife, Leah Biesemeyer were relocated from Mesa, Arizona to Houston, Texas. Dkt 18 at 3. NRG and defendant Plus had a contractual agreement ("Agreement") wherein Plus made domestic moving arrangements for NRG's employees. *Id.* at 6. Plus selected Suddath Van Lines, Inc., Suddath Relocation Systems of Arizona, LLC, and Suddath Relocation Systems of Houston, Inc. (collectively, "Suddath") to transport the goods. *Id.* at 2-4. Plus also counseled the Biesemeyers on executing their Bill of Lading with Suddath. *Id.* at 3-4. The Biesemeyers, relying on Plus's counsel, executed a Bill of Lading with a declared value of $5.00/lb. *Id.* at 4. Suddath then transported the Biesemeyers' belongings to Houston and stored them in Suddath's warehouse facility. *Id.*

Then Hurricane Harvey hit. *Id.* During the storm, the warehouse roof caved in. *Id.* The Biesemeyers' property was damaged. *Id.* NRG paid the Biesemeyers approximately $110,000 to compensate them for the value of the loss of their personal belongings. *Id.* The Biesemeyers then assigned their rights for claims against Suddath and Plus (collectively, "Defendants") to NRG. *Id.* at 5.

On September 28, 2018, plaintiffs filed their complaint against Defendants alleging that Defendants violated the Carmack Amendment and that this court thus has federal question jurisdiction. Dkt. 1. Plus filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on November 30, 2018. Dkt. 8. Before any defendant answered, plaintiffs and defendants reached a tentative settlement, and the court conditionally dismissed the case on that basis. Dkt. 11. However, the settlement agreement was never committed to writing between plaintiffs and Plus. *See* Dkts. 15–17. Plaintiffs did effectuate the settlement with Suddath, and the court dismissed all of the Suddath entities from the case. Dkt. 15, 17. The court reinstated the claims against Plus on April 22, 2019. Dkt. 17.

Shortly thereafter, on May 22, 2019, plaintiffs amended their complaint and specified five causes of action against Plus. *See* Dkt. 18. The causes of action are (1) a Carmack Amendment claim, (2) breach of the Agreement for failing to provide services in proper manner; (3) breach of the Agreement by failing to indemnify; (4) breach of the settlement agreement; and (5) for negligent services under the Agreement. Dkt. 18 at 3–8. Plus answered the amended complaint. Dkt. 19. Then, Plus made the present Fed. R. Civ. P. 12(c) motion for judgment on the pleadings and asked the court to dismiss all five causes of action. Dkt. 20. Plaintiffs responded. Dkt. 21. And Plus replied. Dkt. 22.

## II. LEGAL STANDARD

Courts "evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

"[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556. "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012).

## III. ANALYSIS

### A. Carmack Amendment Claim

Plus first argues that plaintiffs' Carmack Amendment claim fails to state a claim upon which relief may be granted. Dkt. 20. The Carmack Amendment, enacted in 1906 as an amendment to the Interstate Commerce Act of 1887, now codified in pertinent part at 49 U.S.C. § 14706 *et seq.*,

governs the liability of carriers for goods lost or damaged during the interstate shipment of property.[1] *See* 49 U.S.C. § 14706(a) (addressing liability of motor carriers). Under the Amendment, a shipper may recover for the actual losses resulting from damage to property caused by any of the interstate carriers involved in the shipment. *See* 49 U.S.C. § 14706. As such, the Carmack Amendment only provides a cause of action against carriers. 49 U.S.C. § 14706(d) (civil actions may be brought against "carriers" or "delivering carriers"). The term "carrier" means "a motor carrier, a water carrier, and a freight forwarder." *Id.* at § 13102(3). A "motor carrier" is a "a person providing motor vehicle transportation for compensation." *Id.* at § 13102(14). A freight forwarder is a:

> person holding itself out to the general public (other than as a pipeline, rail, motor, or water carrier) to provide transportation of property for compensation and in the ordinary course of its business—
> (A) assembles and consolidates, or provides for assembling and consolidating, shipments and performs or provides for break-bulk and distribution operations of the shipments;
> (B) assumes responsibility for the transportation from the place of receipt to the place of destination; and
> (C) uses for any part of the transportation a carrier subject to jurisdiction under this subtitle. The term does not include a person using transportation of an air carrier subject to part A of subtitle VII.

*Id.* at § 13102(8). Based on the plaintiffs' allegations taken as true, the court finds that Plus, in its role of coordinating the moving service and counseling the Biesemeyers, is not a "freight forwarder" or a "motor carrier." Thus, Plus is not a "carrier" as defined in the Carmack Amendment.[2]

---

[1] The Carmack Amendment reads in pertinent part:

> A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation . . . . That carrier and any other carrier that delivers the property and is providing transportation or service . . . are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed . . . is for the actual loss or injury to the property . . . .

49 U.S.C. 14706(a)(1).

[2] Whether Plus acts as a broker, an agent, or a third party is immaterial to the court's decision—only whether Plus is a carrier or a motor carrier is relevant. *See, e.g.*, *Wise Recycling*,

4

Therefore, even taking the facts alleged by plaintiffs as true, there is no cause of action against Plus under the Carmack Amendment. That cause of action is DISMISSED.

B. **Subject Matter Jurisdiction**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." *Id.* at § 1367(c).

Of plaintiffs' five causes of action, only the Carmack Amendment claim poses a federal question. Because the court has dismissed the Carmack Amendment claim, it now has discretion to dismiss without prejudice all remaining claims for lack of subject matter jurisdiction.[3] *Id.* The

---

*LLC v. M2 Logistics*, 943 F. Supp. 2d 700, 702–03 (N.D. Tex. 2013) ("Ample case law suggests that a Carmack Amendment claim may not be brought against a broker."); *Huntington Operating Corp. v. Sybonney Exp., Inc.*, No. H-08-781, 2009 WL 2423860, at *3 n.1 (S.D. Tex. Aug. 3, 2009) (Harmon, J.) (collecting cases finding that the Carmack Amendment does not extend to brokers).

[3] Plaintiffs possibly attempt to allege diversity jurisdiction in their First Amended Complaint, though it appears that this was likely a typographical error. *See* Dkt. 18 at 2 (citing subject matter jurisdiction under 28 U.S.C. § 1331, which is federal question jurisdiction, but then alleging "complete diversity of citizenship" and an amount in controversy that exceeds $75,000). Complete diversity jurisdiction must be present at the moment a suit is filed. *Strawbridge v. Curtiss*, 7 U.S. 267 (1804). Here, the complaint clearly demonstrates that the parties were not diverse because the Biesemeyers , as citizens of Texas, could not sue Suddath Relocation Services of Houston, a Texas corporation with its principal place of business in Texas, in federal court. *See* Dkts. 1, 18. Thus, there is no diversity jurisdiction under 28 U.S.C. § 1332.

court declines to exercise its discretion to dismiss. In so deciding, it is necessary for the court to reach plaintiffs' other requests for dismissal under the Rule 12(c) motion.

C.   **Plaintiffs' Negligence Claim**

Plus contends that plaintiffs have failed to state a negligence claim because the negligence claim is barred by the economic loss rule and preempted by the Interstate Commerce Act. "In Texas, the economic loss rule 'restricts contracting parties to contractual remedies for those economic losses associated with the relationship, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence.'" *Dick v. Colo. Hous. Enters.*, No. 18-10900, 2019 WL 2909232, at *4 (5th Cir. July 5, 2019) (per curiam) (unpublished) (quoting *Lamar Homes, Inc. v. Mid–Continent Cas. Co.*, 242 S.W.3d 1, 12–13 (Tex. 2007)). "The doctrine applies unless the 'duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit.'" *Dick*, 2019 WL 29092323, at *4 (quoting *Chapman Custom Homes, Inc. v. Dall. Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014)). Plaintiffs have alleged a failure of duty that *is part* of the contract the Biesemeyers have with NRG. Dkt. 18 at 7. Even taking their complaint in the light most favorable to plaintiffs, the alleged duty is the very opposite of a duty independent of the contractual undertaking. For this reason, the economic loss rule applies and bars plaintiffs' negligence cause of action. The court does not need to reach Plus's preemption argument. Plaintiffs' negligence cause of action is DISMISSED.

D.   **Plaintiffs' Breach of Contract Claims**

Plus contends that plaintiffs have failed to state a claim for breach of contract. Under Texas law, the elements of a breach of contract claim are (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007). Plus

6

argues that plaintiffs' pleadings are no more than conclusions, lacking factual basis. Dkt. 20-1 at 13-14; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679, 139 S. Ct. 1937 (2009) (conclusory pleadings are not "entitled to the assumption of truth").

However, Plus's argument falls short. Plaintiffs state three breach of contract claims: a breach of the Agreement for the negligent services, a breach of the Agreement for Plus's failure to indemnify NRG, and a breach of the settlement agreement. Dkt. 18 at 3–8. Plaintiffs identify specific breaches. They list failure to properly counsel the Biesemeyers on which motor carrier to employ and how much to insure their property as the negligent services. Dkt. 18 at 6-7. They list specifically an indemnification contained in the contract and a failure of Plus to indemnify NRG. *Id.* Finally, plaintiffs note an oral settlement agreement which the Biesemeyers have backed out of. *Id.* at 7. Each of these identify a specific clause within the contract, even though the contract itself is not in the record. Each submits that Plus breached the specific provisions of the contract. And finally, plaintiffs plead damages which resulted proximately from the breaches. *Id.* The court finds these claims are more than conclusory and instead reference specific contractual duties, breaches, damages, and causes which, in turn, comprise valid causes of action. Plus's Rule 12(c) motion is thus DENIED with respect to plaintiffs' breach of contract claims.

## IV. CONCLUSION

Plus's motion for judgment on the pleadings is GRANTED IN PART AND DENIED IN PART. It is GRANTED with respect to the request for dismissal of plaintiffs' Carmack Amendment claim and negligence claim, which are both DISMISSED WITH PREJUDICE. The motion is otherwise DENIED.

Signed at Houston, Texas on October 8, 2019.

_____
Gray H. Miller
Senior United States District Judge